UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
EMMANUEL ROY, and RENEE HASLER,

                Plaintiffs,

v.

BANK OF NEW YORK MELLON, BRIAN T. MOYNIHAN, *individually and as CEO of Bank of America*, GERARD L. HASSELL, *individually and as CEO of Bank of New York Mellon*, BILL BECKMAN, *individually and as CEO of MERSCORP Holding, Inc.*, BANK OF AMERICA CORPORATION, *as Successor in Interest to Countrywide Financial Corp and Countrywide Home Loans,* FAIRMONT FUNDING LTD., CWALT ALTERNATIVE TRUST 2007-14-2T, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, *also known as MERS*, ROSICKI ROSICKI AND ASSOCIATES, COUNTRY WIDE HOME LOANS, MARY KIST, *individually and as VP of MERS*, JASON SACKOOR, JORGE VARGAS, MICHELE SJORLANDER, CHRIS LAROCCO, LALLIQUE HOWE BJURSTROM, DEE ANN WESTFALL CORTES, CHESTER LEVINGS, ANDREW MORGANSTERN, SUZANNE BERGER, COURTNEY WILLIAMS,

                Defendants.

**MEMORANDUM & ORDER**
17-CV-6729 (MKB) (LB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Emmanuel Roy and Renee Hasler, proceeding *pro se*,[1] commenced the above-captioned action on May 31, 2017, in the United States District Court for the Eastern District of Washington asserting claims pursuant to the Truth in Lending Act, 15 U.S.C. §§ 1601-1667e

---

[1] Although the Plaintiffs appear in this action *pro se*, the Court notes that Roy was an attorney prior to his conviction for participating in a number of mortgage fraud schemes. *See United States v. Roy*, 783 F.3d 418 (2d Cir. 2015).

("TILA"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), as well as wire fraud, money laundering, conspiracy, and Fourteenth Amendment Due Process claims. (Compl., Docket Entry No. 1; Am. Compl. ¶¶ 81–149, Docket Entry No. 2.) Plaintiffs filed an Amended Complaint on August 14, 2017.[2] (Am. Compl.) Plaintiffs bring this action against banks, executives, attorneys, and notaries allegedly involved in the foreclosure of a property located at 163 Taaffe Place, Brooklyn, New York (the "Property"). (*See generally* Am. Compl.) The following Defendants moved to dismiss the Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure: Countrywide Home Loans, Bank of America Corporation, as successor in interest to Countrywide Financial Corp., Brian T. Moynihan, Suzanne M. Berger, Chris LaRocco, Michelle Sjorlander, and Lallique Howe Bjurstrom, (Countrywide Defs. Mot. to Dismiss ("First Mot."), Docket Entry No. 61); Dee Ann Westfall Cortes, (Cortes Mot. to Dismiss, Docket Entry No. 63); Bank of New York Mellon ("BNYM"), as Trustee for CWALT Alternative Loan Trust 2007-14T2, CWALT Alternative Loan Trust 2007-14T2 ("Trust"), and Gerard L. Hassell, (BNYM Mot. to Dismiss, Docket Entry No. 62); Rosicki, Rosicki & Associates, Jason Sackoor, and Andrew Morganstem, (Rosicki Mot. to Dismiss, Docket Entry No. 54–58); and Jorge Vargas, (Vargas Mot. to Dismiss, Docket Entry No. 11), (collectively "Mots. to Dismiss"). Plaintiffs separately moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Pls. Mot. for Sanctions, Docket Entry No. 88.) On April 10, 2018, the Court referred all of the motions to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Apr. 10, 2018.)

By report and recommendation dated August 14, 2018, Judge Bloom recommended that

---

[2] On November 17, 2017, the Eastern District of Washington transferred the case to the Eastern District of New York. (Order dated Nov. 15, 2017.)

2

the Court grant the motions to dismiss and deny Plaintiffs' motion for sanctions (the "R&R"). (*See* R&R.) Plaintiffs filed objections to the R&R on September 6, 2018. (Pls. Obj., Docket Entry No. 101.) For the reasons set forth below, the Court adopts the R&R in part and grants Defendants' motions to dismiss.

## I. Background

### a. Factual background

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

Roy purchased the Property in March of 2007 through a "straw-buyer," a former business partner named Jean Robert Geffrard who is not a party to the instant action. (Am. Compl. ¶ 41.) Roy and Geffrard made the purchase arrangement with full disclosure to Fairmount Funding ("Fairmount"), who issued a loan to Geffrard secured by the Property. (*Id*.) Roy defaulted on the loan. (*Id*. ¶ 42.)

On May 14, 2010, BNYM commenced a foreclosure action in New York State Supreme Court, County of Kings, before Judge I. Mark Partnow (the "Foreclosure Action"). (*Id*. ¶ 43; Foreclosure Compl., annexed to Am. Compl. as Ex. B.)[3] The foreclosure complaint alleges that the mortgagors failed to pay the installment, which became due and payable as of August 1, 2009, and every month thereafter, and that the principal balance due on the note and mortgage as of the date of the default was $464,590.45. (Foreclosure Compl.) On June 5, 2012, the state court entered summary judgment in favor of BNYM. (Summary Judgment Order, annexed to

---

[3] The Court takes judicial notice of documents filed in the related state court foreclosure proceeding. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

Decl. of Jason R. Lipkin ("Lipkin Decl.") as Ex. E, Docket Entry No. 61-7.) Hasler subsequently acquired her interest in the Property and attempted to intervene in the Foreclosure Action.[4] The state court denied this request. (*See* New York State Unified Court System ("Foreclosure Action"), WebCivil Supreme, Case No. 012114/2010, https://iapps.courts.state.ny.us/webcivil, last visited Sept. 27, 2018.) BNYM then moved for a judgment of foreclosure and sale, which is still pending. (*Id.*) The foreclosure proceeding is still pending in state court. (*Id.*)

Plaintiffs admit that Roy defaulted on the loan but contest Defendants' right to foreclose on the Property and the allegedly "illegal tactics used by Defendants to achieve" the foreclosure. (Am. Compl. ¶ 42.) Plaintiffs allege that "[b]ecause Defendants (CWALT Alternative Loan Trust and Bank of New York Mellon) never took title to the legal res[,] Defendants are unable to legally foreclose." (*Id*. ¶ 44.) Plaintiffs further allege that "[i]n order to correct the fatal defect that occurred during the Securitization Process, Defendants decided to use the investment vehicle as a Criminal Enterprise." (*Id*. ¶ 45.) This criminal enterprise involved "recruit[ing] attorneys willing to commit fraud; hir[ing] robo-signers willing to commit perjury . . . and continuously fil[ing] these fraudulently procured documents in State court for purpose of achieving one specific goal - to foreclose on homeowners who defaulted on their loans." (*Id*. ¶¶ 45, 61–62.) Plaintiffs seek recovery of damages, costs, and interest, and to enjoin Defendants from "selling any property" and "from further prosecution of foreclosure actions based on fraud and material misrepresentation of facts." (*Id*. ¶¶ 147–48.)

    b.   **Judge Bloom's recommendations**

Judge Bloom recommended that the Court grant Defendants' motions to dismiss the

---

[4] Plaintiffs do not explain how Hasler acquired her interest in the Property.

Amended Complaint on three grounds: (1) all claims as barred under the *Colorado River* abstention doctrine, (2) all claims for injunctive relief as barred under the Anti-Injunction Act, and (3) all claims as time-barred. (R&R 10–11.) In recommending that the claims be dismissed as time-barred, Judge Bloom found that Plaintiffs' RICO and fraud claims are time barred because they accrued in May of 2010 at the commencement of the Foreclosure Action, (*id.* at 11), and their TILA claims are time barred because the one-year statute of limitations began to run when the loan originated or the funds transmitted and Plaintiffs' are not entitled to equitable tolling, (*id.* at 12). In addition, Judge Bloom recommended that the Court deny Plaintiffs leave to amend because "[P]laintiffs have already amended their pleading once and any further amendment would be futile." (*Id.* at 14.) Judge Bloom also recommended that the Court deny Plaintiffs' motion for sanctions and attorneys' fees as unwarranted. (*Id.*)

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only

5

conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding "general objection[s] [to be] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758, 2018 WL 2277791, at *1 (2d Cir. May 18, 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

ii. **Rule 12(b)(1)**

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À .R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) ( quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *see also Chau v. S.E.C.*, 665 F. App'x 67, 70 (2d Cir. 2016). "[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). As a result, courts may also "refer[] to evidence outside the pleadings" to evaluate subject matter jurisdiction. *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of

proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 53 (2d Cir. 2018).

b. **Unopposed portions of the R&R**

No party objected to the recommendation that the Court dismiss Plaintiffs' claims for injunctive relief as precluded under the Anti-Injunctive Act. In addition, no party objected to Judge Bloom's recommendation that the Court deny Plaintiffs' motion for sanctions. Having reviewed these recommendations for clear error, and finding none, the Court adopts Judge Bloom's R&R and dismisses Plaintiffs' claim for injunctive relief, and denies Plaintiffs' motion for sanctions.

c. **Plaintiffs' objections to the R&R**

Plaintiffs object to Judge Bloom's recommendation that the Court dismiss their claims pursuant to the *Colorado River* abstention doctrine, arguing that the present action and the Foreclosure Action are not "parallel."[5] (Pls. Obj. 3–5.) In addition, Plaintiffs object to Judge Bloom's determination that their RICO and TILA claims are time-barred, arguing that Defendants have waived this affirmative defense. (*Id*. at 5–8.) Plaintiffs also argue that Hasler's RICO claims are not time-barred because they did not accrue until August of 2016, pursuant to the "injury discovery rule," and that Plaintiffs' TILA claims should be equitably tolled because Fairmont Funding committed a "self-concealing act." (*Id*. at 7–8.)

---

[5] Defendants note that Plaintiffs filed and served their objections to the R&R beyond the fourteen-day deadline. (Defs. Mem. in Opp'n to Pls. Obj. to R&R, Docket Entry No. 102.) Nevertheless, in light of Plaintiffs' *pro se* status, and absent any prejudice to the Defendants, the Court will consider Plaintiffs' objections.

### i. Plaintiffs' claims are barred by the *Colorado River* abstention doctrine

Plaintiffs argue that the *Colorado River* abstention doctrine does not bar their claims because (1) the parties are not identical in this case and the Foreclosure Action; (2) the Court need not exercise jurisdiction over the Property in order to resolve the dispute; and (3) the Court's exercise of jurisdiction would not result in piecemeal litigation. (Pls. Obj. 3–5.)

The Supreme Court has held that a federal court may abstain from exercising jurisdiction over a case when there is a pending parallel state court proceeding and certain factors weigh in favor of abstention. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976). "Lawsuits are considered 'parallel' if 'substantially the same parties are contemporaneously litigating substantially the same issues' in different forums." *Great South Bay Med. Care, P.C. v. Allstate Ins. Co.*, 204 F. Supp. 2d 492, 496 (E.D.N.Y. 2002) (quoting *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). "Perfect symmetry of parties and issues is not required." *Potente v. Capital One, N.A.*, No. 16-CV-3570, 2018 WL 1882848, at *4 (E.D.N.Y. Apr. 19, 2018) (citation and internal quotation marks omitted). Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014) (internal citations omitted).

If the proceedings are parallel, the court generally considers the following six factors, with the balance heavily weighted in favor of the exercise of jurisdiction:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less convenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed . . . and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100–01 (2d Cir. 2012); *see also Krondes v. Nationstar Mortg., LLC*, No. 17-CV-4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018) (quoting *Woodford v. Cmty. Action Agency of Greene Cnty.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal quotation marks omitted)).

### 1. The state court action and the federal action are parallel

The pending Foreclosure Action is a parallel proceeding to this action. First, substantially the same parties are contemporaneously litigating both cases. Roy and BNYM are parties in both actions. (*See* Foreclosure Compl.) While Hasler and fifteen of the Defendants are not named parties to the Foreclosure Action, "perfect symmetry" is not required and their interests are congruent with the interests of the Foreclosure Action parties. *See Potente*, 2018 WL 1882848, at *4 ("Abstention may be appropriate 'notwithstanding the nonidentity of the parties' in cases where interests are 'congruent.'" (quoting *Canaday v. Koch*, 608 F. Supp. 1460, 1475 (S.D.N.Y.), *aff'd*, 768 F.2d 501 (2d Cir. 1985))). To the extent that Hasler has a cognizable interest in the Property,[6] and therefore standing in either case, her interest in defeating foreclosure is congruent with Roy's interests as the defendant in the Foreclosure Action. (*See* Pls. Opp'n 6.) In addition, Defendants named in this action were either employed by or worked with BNYM in connection with the foreclosure.[7] *See Krondes*, 2018 WL 2943774, at *3

---

[6] Hassler acquired her interest in the Property after the commencement of the Foreclosure Action and after the state court entered summary judgment; she attempted unsuccessfully to intervene in the Foreclosure Action. (*See* Order Denying Mot. to Intervene, annexed to Declaration of Jason R. Lipkin ("Lipkin Decl.") as Ex. A, Docket Entry No. 83-2.)

[7] These Defendants include CWALT, Alternative Loan Trust 2007-14T2 (appointed BNYM as trustee in the Foreclosure Action); Hassell, Rosicki, Rosicki & Associates (attorneys for BNYM in the Foreclosure Action); Bank of America and employees of Bank of America Moynihan, Sjolander, and Bjurstrom (serviced the mortgage loan on behalf of BNYM); Berger and LaRocco (attorneys hired by BNYM in relation to the foreclosure); and Fairmont Funding

(finding federal action and related state foreclosure action "parallel" where multiple defendants in federal action were not party to state action); *Bromfield v. Lend-Mor Mortg. Bankers Corp.*, No. 15-CV-1103, 2016 WL 632443, at *4 (D. Conn. Feb. 17, 2016) (same); *see also Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 298 (S.D.N.Y. 2017) (finding plaintiffs cannot "entirely avoid[] [the *Colorado River* doctrine] by the simple expedient of naming additional parties").

Second, Plaintiffs seek to litigate "substantially the same issues" in both forums. *See Krondes*, 2018 WL 2943774, at *3 (where litigants "file actions in district courts seeking to . . . enjoin an ongoing state foreclosure action based on alleged violations of federal and state law . . . courts agree: although *Colorado River* abstention is narrow, it applies in such situations"). The Amended Complaint alleges that Defendants violated various federal laws by fraudulently commencing and maintaining the Foreclosure Action, and also alleges that BNYM has no standing to pursue the Foreclosure Action. (*See generally* Am. Compl.) These claims are substantially identical to the defenses and counterclaims raised — and rejected — in the Foreclosure Action. (*See* Roy Answer and Countercl., annexed to Lipkin Decl. as Ex. D, Docket Entry No. 61-6; Summary Judgment Order.)

Moreover, although the relief need not be the same, *see Potente*, 2018 WL 1882848, at *4, Plaintiffs' request for declaratory and injunctive relief preventing further prosecution of the Foreclosure Action and enjoining the sale of the Property further demonstrates the parallel nature of the two actions, *see Krondes*, 2018 WL 2943774, at *3 (finding that although plaintiff asserted five federal claims, including RICO, TILA, and due process claims, the federal proceeding was "essentially the same" as the state foreclosure action (collecting cases)); *see also Sitgraves v.*

---

(originator of loan). (*See* Am. Compl. 1–22.) In addition, there are a number of notary public and attorney Defendants who worked on documents connected to the Foreclosure Action. (*Id.*)

10

*Fed. Home Loan Mortg. Corp.*, 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017) (actions were parallel when both questioned whether Bank of America "may enforce the subject note and mortgage"); *Phillips*, 252 F. Supp. 3d at 296 ("[T]he fact that [p]laintif[f] seek[s] different . . . forms of recovery in this action does not defeat parallelism, where the underlying events remain identical.")

### 2. The *Colorado River* factors weigh in favor of abstention

Having found that the two actions are parallel, the Court next considers the six-part balancing test. First, the state court has jurisdiction over the res — i.e. the Property. Where the state court proceeding is a foreclosure action, "this factor strongly favors abstention." *Krondes*, 2018 WL 2943774, at 3 (citing *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 101–02 (2d Cir. 1999) (finding this factor "dispositive").

Second, because both forums are within the state of New York, and absent any contrary indication from the parties, the forums are equally convenient. The Second Circuit has held that where the federal court is "just as convenient" as the state court, that factor favors retention of the case in federal court. *Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (citations omitted); *but see Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 299 (S.D.N.Y. 2017) (finding neutrality in inconvenience weighs in favor of abstention because "there is plainly inconvenience in having to litigate actively in both state and federal courts at the same time." (citing *Lefkowitz v. Bank of New York*, 676 F. Supp. 2d 229, 275 (S.D.N.Y. 2009)).

Third, staying or dismissing the federal litigation would avoid piecemeal litigation. *See Sitgraves*, 265 F. Supp. 3d at 414 ("Avoidance of piecemeal litigation weighs in favor of abstention where a party's claims in the federal action "can and should be handled as a defense to the foreclosure claim." (citing *Bromfield*, 2016 WL 632443, at *5; and then citing *Wenegieme*

*v. Bayview Loan Servicing*, No. 14-CV-9137, 2015 WL 2151822, at *3 (S.D.N.Y. May 7, 2015)). As discussed above, Roy raised claims of fraud, standing, and breaches of TILA in the Foreclosure Action. (*See* Roy Answer and Countercl.) The Court would necessarily have to decide these same factual and legal arguments, which form the basis of Plaintiffs' claims in this action. (*See* Am. Compl. ¶¶ 81–149.) Because maintaining these parallel proceedings would "waste judicial resources and invite duplicative effort," this factor weighs in favor of abstention. *See Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 211 (2d Cir. 1985) (noting that "the danger of piecemeal litigation is the paramount consideration").

The fourth factor also weighs in favor of abstention. The state court action has been pending for over eight years, and it has reached an advanced stage. (*See* Foreclosure Action); *Teves Realty, Inc. v. Bartley*, No. 14-CV-3227, 2017 WL 1232443, at *3 (E.D.N.Y. Mar. 31, 2017) (finding *Colorado River* abstention applied to foreclosure action that "ha[d] been active and ongoing for several years" prior to federal court action).

The fifth factor weighs against abstention because federal law provides the "rule of decision" for Plaintiffs' RICO, TILA, and due process claims. Nevertheless, the issues relate to the validity of the mortgage and foreclosure process — matters of state law. *See Krondes*, 2018 WL 2943774, at 4 ("Although [plaintiff] asserts five federal causes of action, each relies on the same underlying facts: whether his mortgage is valid and whether the [d]efendants may foreclose on his property, matters of state law." (citations omitted)); *see also Bromfield*, 2016 WL 632443, at *5 ("Although the Complaint purports to invoke federal law, the allegations do not come close to stating a colorable federal claim.").

Finally, the sixth factor weighs in favor of abstention. The state court's procedures are adequate to protect Plaintiffs' federal rights, demonstrated by the fact that the state court has

already considered Roy's counterclaims, brought pursuant to a federal statute.

Because most of the *Colorado River* factors weigh in favor abstention, the Court abstains from jurisdiction over this case and dismisses the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Having found that the Court lacks jurisdiction over Plaintiffs' claims, the Court declines to decide whether Plaintiffs' claims are time-barred.

### d. Leave to amend

Judge Bloom recommended that the Court deny Plaintiffs leave to amend the Amended Complaint because any further amendment would be futile. (R&R 14 (citing *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996).) Plaintiffs do not object to this finding, request leave to amend to file a second amended complaint, or offer any facts suggesting they could cure the deficiencies in their claims. (*See* Pls. Obj.) As a result, the Court dismisses Plaintiffs' Amended Complaint without leave to amend.

## III. Conclusion

For the foregoing reasons, the Court finds that the *Colorado River* abstention doctrine bars Plaintiffs' claims and dismisses the Amended Complaint. The Court also adopts Judge Bloom's recommendations and dismisses Plaintiffs' request for injunctive relief as also barred by the Anti-Injunction Act, and denies their motion for sanctions. The Clerk of Court is direct to close this case.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: September 30, 2018
　　　　Brooklyn, New York